## American Motorists Insurance Co. v. Dorney Park Coaster Co.

*Ronald Amato,* for plaintiff.
*Joseph P. McDonald Jr.,* for defendant.

DIEFENDERFER, *J.,* February 7, 1991—This case is before the court on the preliminary objections of the defendant, Dorney Park Coaster Company. Specifically, defendant argues that this court lacks subject matter jurisdiction on the theory that federal law vests exclusive jurisdiction in the Court of International Trade.

The factual background of the case is as follows. Defendant, Dorney, imported an amusement park ride from South America. Pursuant to federal law, defendant was required to post a bond to cover any possible increase in import duties. On March 26, 1986, Dorney executed a customs bond with plaintiff, American Motorists Insurance Company (Amico) as surety. Amico subsequently paid the U.S. Customs Service $8,167.54 pursuant to its obligations as surety under the bond. Thereafter, Amico made demand upon Dorney for that amount.

Amico filed the instant civil action at law in Lehigh County Court of Common Pleas on March 26, 1990, alleging it was owed $8,412.57 (representing the amount paid to the Customs Service plus interest from September 1, 1989 to March 1, 1990). Dorney then filed the present preliminary objections which were argued before this court on November 20, 1990.

Dorney argues essentially that this cause of action arises "solely" from various federal trade laws. As such, adjudication of this matter will require interpretation of federal trade laws which Congress intended to be interpreted only by the Court of International Trade. State court interpretation of such federal law, Dorney argues, will inhibit the Congressional policy of the development of a uniform body of federal law. In support of its argument. Dorney cites 28 U.S.C. §1582. That section provides in pertinent part:

"The Court of International Trade shall have exclusive jurisdiction of any civil action which arises out of an import transaction *and which is commenced by the United States* . . .

"(2) to recover upon a bond relating to the importation of merchandise required by the laws of the

United States or by the Secretary of the Treasury." (emphasis added)

We note that, by its terms, the quoted statute does not vest in the Court of International Trade exclusive jurisdiction of all matters relating to the payment of import duties. Rather, that court is given exclusive jurisdiction of such cases as are commenced by the United States. The instant action was not commenced by the United States but by Amico; a fair reading of the statute thus shows that it is inapplicable to the instant matter.

It is axiomatic that Pennsylvania state courts are courts of general jurisdiction. They may, and often do, adjudicate claims which arise under, and involve the interpretation of, federal law. It is only when Congress specifically removes a matter from the purview of the state courts, that such courts lack subject matter jurisdiction. These principles were succinctly stated by the U.S. Supreme Court in *Gulf Offshore Co. v. Mobil Oil Corp.*, 453 U.S. 473, 477 (1981):

"The general principle of state-court jurisdiction over cases arising under federal laws is straightforward: state courts may assume subject matter jurisdiction over a federal cause of action absent provision by Congress to the contrary or disabling incompatibility between the federal claim and state court adjudication."

As noted above, the statute in question by its unambiguous terms does not divest this court of jurisdiction over all cases arising out of a customs bond transaction, but only jurisdiction over those cases commenced by the United States. Thus, this court may clearly assume jurisdiction over this case, and the preliminary objections of the defendant must be denied.

## ORDER

Now, February 7, 1991, upon consideration of defendant's preliminary objections and of the briefs and arguments of the parties before this court, for the reasons stated in the accompanying opinion, it is ordered that defendant's preliminary objections are hereby denied.